UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 01-6019-CR-DIMITROULEAS
*00-6361*

UNITED STATES OF AMERICA,

    Plaintiff,

Vs.

AQUILINO DIMITRI ALONSO,
    Defendants,
_____/



### DEFENDANT'S OBJECTION TO THE PSI

COMES NOW, the Defendant, AQUILINO DIMITRI ALONSO, by and through his undersigned counsel. and respectfully submits these, his Objections to the PSI, and in support would state:

As and for his sole Objection to the PSI the Defendant objects to the two level enhancement found at Page 9, Paragraph 19 of the PSI to the extent that it seeks to increase the overall offense level based on "more than minimal planning" pursuant to U.S.S.G. Sec. 2B1.1(b)(4)(A).

The Eleventh Circuit Court of Appeals found in U.S. v. Tapia, 59 F.3d 1137 (11th Cir. 1995) that the application of the "more than minimal planning" enhancement should normally be used when evidence suggests "…sophisticated crimes or offenses requiring repeated acts over a period of time." Id. @ 1142, adopting the standard used in U.S. v. Cropper, 42 F.3d 755, 758 (2d Cir. 1994). The Defendant was contacted by co-conspirators after the commission of the offense explicitly to ascertain whether he could find a location to store or warehouse the stolen items while a buyer was obtained. There is no evidence to



suggest that the Defendant participated in searching out the ultimate buyer or that he participated in the planning and execution of the theft from the time starting with the infancy of the planning of the theft. Further, the placement of the items in the warehouse does not meet the criteria found in the commentary to the U.S.S.G. requiring the court to find "significant affirmative steps" being taken to conceal the offense. Defendant was charged under the doctrine of principal/agency based upon his efforts to store the goods while they were sold by the co-conspirators. Nevertheless, it is uncontroverted that the subject of the offense was a single theft, albeit a large shipment of electronic goods.

"The commentary to § 1B1.1 of the Sentencing Guidelines explains that an enhancement for more than minimal planning is intended to apply to an offense which involves "more planning than is typical for commission of the offense in a simple form," and it instructs that "`[m]ore than minimal planning' is deemed present in any case involving repeated acts over a period of time," except where the acts were clearly "opportune." U.S.S.G. § 1B1.1, comment. (n. 1(f)); United States v. Garcia, 13 F.3d 1464, 1470 (11th Cir. 1994). The commentary also explains that "[m]ore than minimal planning" may be found when "significant affirmative steps were taken to conceal the offense . . . ." U.S.S.G. § 1B1.1, comment. (1(f)). USA, v. Ward, 222 F.3d 909, 910 (11th Cir. 2000)

Those factual situations for which the Eleventh Circuit has favorably reviewed the District Court's decision to apply the "more than minimal planning" enhancement include the following:

U.S. v. Bush, 126 F.3d 1298 (11th Cir. 1997): "...hard pressed to imagine a scenario where obtaining even one fraudulent loan would not require a finding of 'more than minimal planning'." Id. @ 1300. Likewise, creating a dummy corporation, and creating purchase orders, and taking money with entries on doctored financial records of a company would support a finding of "more than minimal planning."

U.S. v. Alpert, 28 F.3d 1104 (11th Cir. 1994): where the Defendant filled out a phony credit card application, used the credit card on 42 occasions, and used his brother in law to pick out credit cards from the mail so as to conceal his identity. (Note: the Court also pointed out that each such action constituted separate acts of fraud.

U.S. v. Mullins, 996 F.2d 1170 (11th Cir. 1993): Where the Defendant acquired three new vehicles from different Alabama dealerships and paid for them with checks that were known to be worthless and then transported the cars to three different auto dealers in Mississippi.

Without exception, the Eleventh Circuit appears to focus, in large part, upon the repeated acts to either facilitate the crime or to conceal the fruits or spoils of the criminal act when favorably considering the two level enhancement. In the instant case, the Defendant's participation was limited in nature, and was confined to the act of concealing the stolen items by facilitating the placement in the warehouse. His participation in the actual theft or in efforts to sell the items subsequently was not part of the factual background to this case.

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this /2 day of July, 2001 to the AUSA Don F. Chase by facsimile at 356-7336 and by U.S. Mail at U.S. Attorney's office at 299 E. Broward Blvd., Ft. Lauderdale, FL 33301 and to Kenneth Gonzalez, U.S. Probation by facsimile at (305) 523-5496.

HOWARD J. SCHUMACHER
One East Broward Boulevard
Suite 700
Ft. Lauderdale, FL. 33301
(954) 356-0477
FL. Bar No: 776335